STATE OF MAINE
KENNEBEC, ss.

REC'D & FILED
Nancy A. Desjardin

AUG 0 1 2000

Clerk of Courts
Kennebec County

SUPERIOR COURT
Criminal Action
Docket No. CR-00-080
DHM - KEN - 8/1/2000

STATE OF MAINE

v.                                              ORDER AND DECISION

WENDALL D. FROST,

Defendant

This matter is before the Court on Defendant's first motion to compel discovery filed in April of 2000. A non-testimonial hearing was held on June 12. The Court ordered the State to file a written response to Defendant's letter of February 18, by June 26, which has been done. Defendant's letter of February 18, 2000 is four pages containing 30 numbered paragraphs of requests for discovery. It is non-case specific language, suggesting to the Court that it is a "boilerplate" used by the Defendant with his considerable criminal defense workload. It is a complete Christmas list of all information that might have some bearing or relevance to the case at hand but is primarily a major fishing expedition. Some of the information requested is appropriate and consistent with the preservation of the constitutional rights of the Defendant to receive a fair trial with complete discovery, and other requests are remote and surely designed to be burdensome on the State. Because this Court does not wish to face this four page request and repetitive motions to compel discovery, it has required the State to provide a specific response and will explain its ruling with regard to each matter.

DONALD L. GARBRECHT
LAW LIBRARY

AUG 15 2000

The Defendant acknowledges in his motion that some discovery has been provided by the form cover letter sent to him by the office of the District Attorney dated February 24, 2000. This Court assumes that in those paragraphs to which the State has not responded, discovery has been provided without objection.

The Defendant requests a copy of the police officer's portion of the traffic summons, both sides. The State will inquire of the officer and does not object, provided the material still exists. No ruling by this Court is necessary.

The Defendant requests police radio logs for the periods 12 hours before and 12 hours after the arrest or summons. The State objects and notes that the Oakland Police Department, the agency in question, uses Waterville for dispatch after a set time in the evening. The State will provide to the Defendant a copy of the page or pages of the radio log containing information of this Defendant's incident from whatever department or departments it exists.

Defendant requests a copy of the law enforcement officer's activity sheet for the period 24 hours before the arrest/summons to the end of the shift following the arrest/summons. The State objects to the scope of the request. The Court agrees. There is no relevant requirement that this information be provided.

Defendant requests notes, memoranda, and other documents prepared by any law enforcement officer investigator, but not contained within the arrest report. This request includes personal notes and other similar documents. The State has no objection, providing the notes still exist. No action by this Court is necessary.

Defendant requests intoxilyzer calibration verification records for the breath instrument in question for a period of 24 months before the date of arrest, calibration, check and maintenance log for intoxilyzer records for the breath instrument for a period of 24 months before the date of the arrest, and repair records for the breath instrument in question for a period of 24 months before the date of the arrest. The State objects on the grounds that the requests are far too broad and remote and believes the request should be limited to an objectively reasonably period of time before and after the test in this case. The Court agrees. Records for the three month period before and after the test in question will be provided.

Defendant requests all writings, without exception, between the State of Maine and the manufacturer of the breath instrument in question which sets forth in full, or in part, any requirements, special or otherwise, that the State of Maine demanded from the manufacturer of the breath instrument in question. The State responds that it does not know whether any such writings exist, but argues that the if the Defendant believes such exists, Defendant should be required to subpoena such records from the appropriate state agency. The Court agrees. The request is denied.

Defendant requests the operator's manual for the intoxilyzer 5000 used in this case, including supplemental manuals or updates and any advisories, alerts or other information received from the manufacturer of the breath testing equipment, including any updates or improvements. The State responds that the Defendant's counsel already has this material from other cases and that the request should be

limited to identifying the manual and any other information received by the agency, unless counsel, in fact does not already have these materials. The Defendant shall submit to the State, in letter form, whether or not he is in possession of such material and attest to the truth of the matter as an officer of the Court.

Defendant requests records showing proof of qualifications, training and certification of the persons administering the Horizontal Gaze Nystagmus test, records showing that the person who administered the Horizontal Gaze Nystagmus test has testified in a court or administrative tribunal, the designation of and copies of education material in the assessing Defendant's performance on field sobriety tests, including HGN and training and source materials provided to law enforcement agencies for which the arresting officers are employed by CMI, Inc. or other manufacturers of the Intoxilyzer 5000 involved in this case. The State responds that the requested information appears to be in the nature of education and background which is personal to the officer and the State does not have such records and information within its possession to provide to Defendant. Under the circumstances, the request must be denied. This is without prejudice as to whether Defendant wishes to attempt to obtain information by appropriate subpoena or subpoena duces tecum.

Defendant requests written policies and procedures, including procedural general orders (PGO's) of the law enforcement departments for which the arresting officers are employed which concern the stopping, detention, evaluation, arrest of motorists suspected of operating their vehicles while under the influence of

intoxicating liquor.  The State responds that it is not aware of whether the Oakland Police Department has such policies and the Defendant should be required to make a showing that the exist in a relevant and sum weight of this case.  This Court has never heard of a PGO, but believes the Defendant is free to use whatever subpoena powers he has with respect to the police department in question since it is not in the possession of, nor the responsibility of the office of the prosecutor.

Therefore, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Compel Discovery as per the rulings made herein.

The Clerk may incorporate this Order by reference in accordance with M.R. Civ. P. 79(a).

So Ordered.

Dated: August ⁄ , 2000

Donald H. Marden
Justice, Superior Court

STATE OF MAINE
   vs
KENDALL D FROST
27 MOUNTIAN DRIVE
BRIDGEWOCK ME 04957

DOB: 04/30/1956
Attorney: PAUL SUMBERG
          RETAINED 02/18/2000

Filing Document: CRIMINAL COMPLAINT
Filing Date: 03/27/2000

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2000-00080

**DOCKET RECORD**

State's Attorney: DAVID CROOK

Major Case Type: MISDEMEANOR (CLASS D,E)

Charge(s)

1.  OPERATING UNDER THE INFLUENCE          11/27/1999 OAKLAND          EGO          / OAK
    29-A   2411(1)              Class D

Docket Events:

03/28/2000 FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 03/27/2000

03/28/2000 Charge(s):  1
           TRANSFER - TRANSFER FOR JURY TRIAL RECVD BY ORIG COURT ON 03/27/2000

           WATERVILLE DC CR-00-381
03/28/2000 ATTORNEY - RETAINED ENTERED ON 02/18/2000

           Attorney:  PAUL SUMBERG
           ATTORNEY FOR PARTY 002 DEFENDANT
04/06/2000 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 04/06/2000

06/13/2000 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 06/13/2000

           NOTICE  TO PARTIES/COUNSEL
06/13/2000 HEARING - MOTION FOR DISCOVERY HELD ON 06/12/2000 @ 9:00
           DONALD H MARDEN , JUSTICE
           Attorney:  WALTER MCKEE

           DA:  EVERT FOWLE        Reporter: CASE ENOCH
           Defendant Present in Court
06/13/2000 JUDICIAL - JUDGMENT DETERMINATION UNDER ADVISEMENT ON 06/12/2000

06/26/2000 OTHER FILING - OTHER DOCUMENT FILED ON 06/26/2000

           STATE'S RESPONSE TO MOTION TO COMPEL DISCOVERY FILED BY DDA. KELLEY.
07/17/2000 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 07/17/2000

07/17/2000 OTHER FILING - OTHER DOCUMENT FILED ON 07/17/2000

           SUPPLEMENTAL DECLARATION IN SUPPORT OF DEFENDANT'S FIRST MOTION TO COMPEL  DISCOVERY
08/02/2000 OTHER FILING - ORDER FILED ON 08/01/2000
           DONALD H MARDEN , JUSTICE
           COPIES TO PARTIES/COUNSEL. ON DEFT.'S FIRST MOTION TO COMPEL DISCOVERY.    COPIES TO
           DEBORAH FIRESTONE, GARBRECHT LAW LIBRARY AND DONALD GOSS.
08/02/2000 MOTION - MOTION FOR DISCOVERY GRANTED ON 08/01/2000

                                                              Printed on: 08/02/2000

DONALD H MARDEN , JUSTICE
GRANTED IN PART AS PER THE RULINGS MADE HEREIN.
8/02/2000 MOTION - MOTION FOR DISCOVERY DENIED ON 08/01/2000

DENIED IN PART AS PER THE RULINGS MADE HEREIN.

A TRUE COPY
ATTEST: _____
                    Clerk